Filed 8/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KEISA WILLIAMS et al.<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>3620 W. 102ND STREET, INC.,<br>et al.<br><br>    Defendants and Appellants. | B297824<br><br>(Los Angeles County<br>Super. Ct. No. BC639290) |

APPEAL from an order of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

The Cameron Law Firm, Parry G. Cameron, James K. Autrey and Clayton T. Lee for Defendants and Appellants.

MYBEDBUGLAWYER, Brian J. Virag and Luiza Patrikyan for Plaintiffs and Respondents.

————————————

Five people sued about bed bugs and other problems with a property they rented. The owners of the property moved to compel arbitration based on agreements in the residents' leases. The trial court denied the motion. We affirm because state public policy prohibits arbitration provisions in residential lease agreements. (Civ. Code, § 1953, subd. (a)(4); *Harris v. University Village Thousand Oaks, CCRC, LLC.* (2020) 49 Cal.App.5th 847, 850 (*Harris*).)

All statutory citations are to the California Civil Code.

I

In March 2014, Keisa Williams and Rubin Womack leased an apartment at 3620 W. 102nd Street. They renewed the lease in 2015. Womack lived there with Williams, Williams's two children, and another person. We call these five the Residents.

Two entities, 3620 W. 102nd Street, Inc. and J.K. Residential Services, Inc., own the property where the Residents live. We call them the Owners.

On October 2, 2016, the Residents sued the Owners for breach of warranties of habitability, negligence, and related claims. The Residents said the Owners failed to maintain pest control in both their unit and the apartment's common areas. The Residents said they suffered personal injuries, illness, and property damage due to bed bugs.

On March 14, 2019, the Owners filed a petition to compel arbitration based on section XVIII of the lease agreement. The section has the heading "Indemnification and Liability" and includes the following arbitration clause:

"Should any dispute arise between LANDLORD and TENANT relating to any matter (excluding an Unlawful Detainer case or other case, filed by LANDLORD, for possession,

2

arrearages under this LEASE, as such may constitute past due rent/fees/costs and associated damages), such dispute shall be submitted to Arbitration instead of litigated in Court. The specific terms of Arbitration are stated in Addendum 'B', receipt of which is hereby acknowledged by TENANT."

Williams and Womack each initialed this provision when they signed the 2014 and 2015 leases. The Owners did not submit Addendum B with their initial motion to compel arbitration.

The Residents opposed the petition on several grounds. One ground was the arbitration agreement was void because the Residents could not have validly agreed in a residential lease to arbitrate. The Residents cited section 1953, subdivision (a)(4) and *Jaramillo v. JH Real Estate Partners, Inc.* (2003) 111 Cal.App.4th 394 (*Jaramillo*).

In their reply the Owners said section 1953, subdivision (a)(4) and *Jaramillo* did not prevent landlords and tenants from agreeing to arbitrate.

The Owners submitted a copy of Addendum B with their reply. The attorney for the Owners declared this copy was the addendum the Owners had been using when the Residents signed their leases.

Addendum B, a three-page document titled "Arbitration Agreement," sets forth the notice, procedures, and binding nature of arbitration between the parties. It specifies "Tenant and Landlord knowingly and voluntarily waive any constitutional right to have any dispute between them decided by a court of law and/or by a jury in court." (All capitalization omitted.)

Although Addendum B provides a space for the landlord and tenant to initial each page and to sign the last page, those spaces are blank.

On May 1, 2019, the trial court denied the petition, finding (1) the Owners failed to show the parties had a valid arbitration agreement and (2) the Owners had waived arbitration.

## II

We affirm because the arbitration agreements in the leases were void.

## A

We independently review the trial court's denial of arbitration as a question of law when, as here, the evidence is not in conflict. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.)

## B

We apply state rather than federal law.  When it applies, the Federal Arbitration Act preempts state law, but a party seeking to enforce an arbitration agreement has the burden of showing the case affects interstate commerce, which is the prerequisite for the federal Act's application.  (*Khalatian v. Prime Time Shuttle, Inc.* (2015) 237 Cal.App.4th 651, 657.)  The Owners have not discharged this burden.  At oral argument, the Owners conceded federal law does not apply.  There is no evidence anything connected with the facts of this case affects interstate commerce.  Neither the Owners' petition nor the arbitration provisions themselves mentioned federal law.  In their appellate briefing, the Owners refer to federal law just once, which was when they quoted *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 971–972:  "California law incorporates many of the basic policy objectives contained in the Federal

4

Arbitration Act." This passing reference does not claim federal law applies here, and it indeed does not. We thus analyze this case exclusively as a matter of state law.

C

The leases' arbitration agreements violate state public policy.

The trial court did not decide on this ground, but we may affirm if the trial court's decision is correct on any theory of law. (E.g., *Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568.) In other words, we will not reverse if the trial court was right for the wrong reason. Both parties briefed this issue in the trial court and the Owners argued it in their opening appellate brief.

Under section 1953, subdivision (a)(4), any lease provision in which a lessee agrees to modify or waive "procedural rights in litigation in any action involving his rights and obligations as a tenant" is void as contrary to public policy.

We review two cases that have interpreted section 1953, subdivision (a)(4): *Jaramillo*, *supra*, 111 Cal. App.4th 394 and the more recent opinion in *Harris*, *supra*, 49 Cal.App.5th 847.

We begin with the earlier case, *Jaramillo*. The court affirmed a trial court's denial of arbitration of two tenants' negligence and habitability claims. The tenants said there was mold in their apartment and a dangerous condition in a common area. (*Jaramillo, supra,* 111 Cal.App.4th at pp. 396–397.) These claims were about their rights and obligations as tenants. Moreover, the plaintiffs' procedural rights were affected because a waiver of the right to a jury trial is inherent in an arbitration agreement. (*Id*. at p. 401.)

5

*Jaramillo* explained a tenant cannot, in a residential lease agreement, waive rights like "the right to conduct discovery and to have a jury trial in any affirmative action against the landlord that involves the tenant's rights or obligations." (*Jaramillo, supra*, 111 Cal.App.4th at pp. 403–404.)  Thus a tenant "cannot validly agree . . . to binding arbitration to resolve disputes regarding his or her rights and obligations as a tenant." (*Id.* at p. 404.)

The *Jaramillo* court said tenants and landlords could, however, waive or modify procedural rights in an agreement entirely independent of the rental agreement. (*Jaramillo, supra*, 111 Cal.App.4th at p. 404.)  The court noted such stand-alone waivers or modifications should be enforceable unless another law barred them. (*Ibid.*)  But tenants could not waive such rights in "a residential lease agreement." (*Ibid.*)

*Jaramillo* and its reasoning remain valid law in California. *Harris, supra*, 49 Cal.App.5th 847, recently followed *Jaramillo* when interpreting section 1953, subdivision (a)(4).  The *Harris* court found section 1953, subdivision (a)(4) applied to continuing care contracts in retirement communities and reversed an arbitrator's award. (*Harris, supra*, at pp. 856–857.)

In *Harris*, several plaintiff residents of a community sued a facility, alleging false representations about security and fees. (*Harris, supra*, 49 Cal.App.5th at pp. 851–852.)  The trial court ordered arbitration because there were arbitration agreements in the contracts. (*Ibid.*)  But the *Harris* opinion found the plain meaning of the statute voided the arbitration agreements, because the plaintiffs alleged violations of their tenants' rights. (*Id.* at p. 853.)  *Harris* also addressed the legislative intent of section 1953.  Quoting *Jaramillo*, the *Harris* court said the

Legislature enacted the section to prevent tenants from unknowingly signing away valuable rights. (*Harris*, *supra*, at p. 855.)

We follow *Harris* and *Jaramillo* and interpret section 1953, subdivision (a)(4) to prohibit binding arbitration under the circumstances presented in this case. As in *Jaramillo,* the Residents here sued the Owners for harms based on conditions inside their apartments and in common areas. These were claims of violations of their tenants' rights. The leases' arbitration agreements require disputes be resolved by arbitration, which obviates the right to a jury trial. *Jaramillo*, *supra,* 111 Cal.App.4th at page 404, and *Harris*, *supra*, 49 Cal.App.5th at page 852, specifically identified the right to have a jury trial as a procedural right that may not be waived or modified pursuant to section 1953, subdivision (a)(4). Thus the arbitration agreements in this case are invalid.

We reiterate our analysis is solely under state law. The Owners do not assert federal law applies. We do not address whether, under federal law, the arbitration agreements would be void.

In their opening brief, the Owners incorrectly say section 1953, subdivision (a)(4) and *Jaramillo* do not apply to the right to a jury. As we have quoted, *Jaramillo* specifically discussed the " 'procedural' " right "to have a jury trial." (*Jaramillo*, *supra*, 111 Cal.App.4th at p. 404.) *Harris* similarly found section 1953, subdivision (a)(4) applied to arbitration specifically *because* arbitration waives any right to a jury trial. (*Harris*, *supra*, 49 Cal.App.5th at p. 852.)

The Owners say *Jaramillo* expressly approved arbitration of habitability issues but they fail to show why that matters here.

The Owners quote *Jaramillo* but omit the court's explanation tenants can agree to arbitrate habitability issues through "a *separate agreement* to arbitrate that is *entirely independent of any lease agreement*." (*Jaramillo, supra,* 111 Cal.App.4th at p. 404, italics added.) The Owners' briefs do not set forth any argument the Residents entered an agreement to arbitrate separate and independent from the lease agreement.

**DISPOSITION**

The order is affirmed. Costs are awarded to Keisa Williams and the other respondents.


WILEY, J.


We concur:


GRIMES, Acting P. J.


STRATTON, J.

8